## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## (PHILADELPHIA)

| | |
|---|---|
| IN RE:<br>**Thomas Baker**<br>Debtor | CHAPTER 13<br><br>CASE NO.: 20-14550-elf<br><br>HEARING DATE: August 17, 2021<br>TIME: 9:30 a.m.<br>LOCATION: COURTROOM #1 |

### STIPULATION RESOLVING MOTION FOR RELIEF
### FROM THE AUTOMATIC STAY

It is hereby stipulated by and between Hill Wallack, LLP, counsel for NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"), and Brad J. Sadek, Esquire, counsel for the Debtor Thomas Baker ("Debtor"), as follows:

1. The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. This Stipulation pertains to the property located at 3850 Woodhaven Road, #1002, Philadelphia, PA 19154 (the "Property").

3. The parties acknowledge that the current regular post-petition payment is $575.62.

4. The parties acknowledge that Debtor is currently due for the post-petition payment due for August 1, 2021.

5. Debtor shall continue to make all regular post-petition monthly payments when they are due in accordance with the terms of the Note and Mortgage.

6. Debtor shall cure the post-petition arrears accrued from the filing of the Motion for Relief, for a total of $1,238.00, by filing an Amended Chapter 13 Plan within 30 days of this Order, incorporating said arrears to be cured over the life of the Plan.

{06357276; 1}

7. All post-petition payments from Debtor to Shellpoint shall be sent to NewRez LLC d/b/a Shellpoint Mortgage Servicing at the following address: P.O. Box 10826, Greenville, SC 29603-0826.

8. Should the Debtor fail to file the Amended Chapter 13 Plan within 30 days of this Order, or if any regular monthly mortgage payment is more than fifteen (15) days late for the remainder of this bankruptcy, Shellpoint shall send Debtor and Debtor's counsel a written Notice of Default of this Stipulation. If the default is not cured within fifteen (15) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay, waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

9. In the event the Debtor converts to a Chapter 7 during the pendency of this bankruptcy case, the Debtor shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtor fail to bring the loan contractually current, Shellpoint shall send Debtor and Debtor's counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay, waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

10. Debtor's tendering of a check to NewRez LLC d/b/a Shellpoint Mortgage Servicing, which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

{06357276;1}

11. The parties stipulate that Shellpoint shall be permitted to communicate with the Debtor and Debtor's Counsel to the extent necessary to comply with applicable non-bankruptcy law.

12. The parties agree that a facsimile signature shall be considered an original signature.

By: /s/Michael J. Shavel, Esq.
Michael J. Shavel, Esquire
Counsel for Creditor

By: _____
Brad J. Sadek, Esquire
Counsel for Debtor

/s/ Leroy W. Etheridge, Esquire     No objection to its terms, without prejudice to any of our rights or remedies
For William C. Miller, Esquire, Chapter 13 Trustee

{06357276;1}